UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>       Plaintiff,<br><br>  v.<br><br>G. TESLUK et al.,<br><br>       Defendants. | No. 2: 16-cv-2268 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Tesluk's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) For the reasons stated herein, the undersigned recommends that defendant's motion be granted.

II. Legal Standard for Motion to Dismiss Brought Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.

McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Discussion

This action proceeds on the original complaint against defendants Fox, Nguyen, Tesluk and Win. Defendants Fox, Nguyen and Win have filed answers. (ECF Nos. 22, 30.)

Plaintiff alleges that defendants Fox, Nguyen and Win are employed at the Deuel Vocational Institution ("DVI"). (ECF No. 1 at 5-6.) Plaintiff alleges that defendant Tesluk is a medical doctor with an office at 400 East Orangeburg Avenue, Suite 2, Modesto, California. (Id. at 8.) Plaintiff alleges that defendant Tesluk is "under contract with the Department of Corrections and Rehabilitation (California) at DVI to perform" cataract/implant surgery, retina

surgery, refractive surgery and oculoplastic surgery." (Id.)

Plaintiff alleges that defendant Tesluk provided inadequate medical care in violation of the Eighth Amendment and California Government Code § 845.6. (Id. at 18-19, 22-23.)

In the pending motion, defendant Tesluk moves to dismiss plaintiff's claim for violation of California Government Code § 845.6. (ECF No. 19.) Defendant argues that California Government Code § 845.6 only authorizes claims against a public entity or public employee, and that defendant Tesluk is neither.

California Government Code § 845.6 provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. In order to prove a claim under § 845.6, plaintiffs must establish three elements: "(1) the public employee knows or has reason to know of the need, (2) of immediate medical care, and (3) fails to take reasonable action to summon such medical care." Castaneda v. Dep't of Corr. & Rehab., 212 Cal.App.4th 1051, 1070 (2013) (emphasis in original).

The text of § 845.6 makes clear that liability under that section is limited to public employees or public entities. Lawson v. Superior Court, 180 Cal.App.4th 1372, 1398 (2010). According to the Government Code, a public employee is an employee of a public entity, and a public entity includes "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal. Gov't Code §§ 811.2, 811.4. Furthermore, an "employee" under the Government Code "does not include an independent contractor." Cal. Gov't Code § 810.2.

As noted by defendant, in the complaint plaintiff alleges that defendant Tesluk was "under contract" with the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff does not allege that defendant Tesluk was employed by CDCR. A letter to plaintiff from defendant Tesluk is attached as an exhibit to plaintiff's complaint. (ECF No. 1 at 44.) This letter indicates that defendant Tesluk is employed at "Modesto Eye Surgery, A Medical Group." (Id.)

////

3

In his opposition, does not allege that defendant Tesluk is an employee of CDCR.

It is clear from the complaint and attached exhibits that defendant Tesluk is not an employee of CDCR or any other public entity. Because defendant Tesluk is not a public employee, plaintiff cannot state a claim against him pursuant to California Government Code § 845.6. It is also clear from the pleadings that plaintiff cannot cure this pleading defect to state a potentially colorable claim pursuant to this section. Accordingly, defendant's motion to dismiss should be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Defendant Tesluk's motion to dismiss plaintiff's claim pursuant to California Government Code § 845.6 (ECF No. 18) be granted;

2. Defendant Tesluk be ordered to file a response to plaintiff's Eighth Amendment claim within twenty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mo2268.mtd
kc

4