UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>G. TESLUK, et al.,<br><br>    Defendants. | No. 2: 16-cv-2268 GEB KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for an order requesting that he be returned to the University of California San Francisco ("UCSF") Medical Center for treatment. (ECF No. 53.) This motion is construed as a motion for injunctive relief. For the reasons stated herein, plaintiff's motion for injunctive relief should be denied.

This action proceeds on the original complaint against defendants Fox, Nguyen, Tesluk and Win. Plaintiff alleges that defendants Win, Nguyen and Fox are physicians employed at Deuel Vocational Institution ("DVI"). (ECF No. 1 at 5-6.) Plaintiff alleges that defendant Tesluk is a doctor employed at 400 East Orangeburg Avenue, Modesto, California. (Id. at 8.)

Plaintiff alleges that he received inadequate medical care from defendants following eye surgery, related to glaucoma, performed by defendant Tesluk in 2013. Plaintiff alleges that in August 2016, Dr. K. Jane at UCSF Medical Center told plaintiff that remnants of an undissolved

1

suture remained in his eye and must be removed.  Plaintiff alleges that as of September 2016, the suture remnants had not been removed.

In the pending motion, plaintiff requests that he be returned to UCSF Medical Center for follow up appointments with the optometrist.  Plaintiff alleges that on April 12, 2017, he was transferred from DVI to the California Men's Colony ("CMC").  Plaintiff alleges that he was not returned to UCSF for the follow-up treatments ordered by doctors at UCSF.

Court records indicate that in November 2017, plaintiff was transferred from CMC to California State Prison-Solano ("CSP-Solano").  (ECF No. 55.)

No defendants are located at CSP-Solano.  Therefore, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  For this reason, plaintiff's motion for injunctive relief should be denied.[1]

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a court order (ECF No. 53), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

---

[1] Plaintiff's exhibits attached to the pending motion demonstrate that he was been seen by ophthalmologists at CMC.  (ECF No. 53 at 13.)  In response to a grievance, on October 19, 2017, CMC prison officials told plaintiff that there was no recommendation for a referral to an outside ophthalmologist.  (Id.)  Plaintiff has also attached a report by Dr. Han from his examination of plaintiff on January 30, 2017 at the UCSF Medical Center.  (Id. at 7-8.)  Dr. Han wrote, in part, "RTC 3 months for HVF."  (Id.)  HVF may refer to a Humphrey Visual Field Test, which is used to monitor glaucoma progression.  Dr. Han's notes seem to indicate that plaintiff was to return to UCSF in three months for the HVF test.  Plaintiff appears to claim that he was not returned to UCSF for this test.  The undersigned cannot order defendants to respond to this claim because they are not located at CSP-Solano.  Plaintiff may bring Dr. Han's report to the attention of officials at CSP-Solano.

2

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 29, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mo2268.pi