UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>G. TESLUK, et al.,<br><br>        Defendants. | No. 2: 16-cv-2268 GEB KJN P<br><br>ORDER |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to limit the scope of a subpoena issued by defendant Tesluk. (ECF No. 58.) In order to put this motion in context, the undersigned herein summarizes plaintiff's claims against defendant Tesluk.

      Defendant Tesluk is an ophthalmologist employed at 400 East Orangeburg Avenue, Modesto, California. (ECF No. 1 at 8.) Plaintiff alleges that on December 23, 2013, defendant Tesluk performed surgery on plaintiff's right eye to relieve pressure caused by glaucoma. (Id. at 9.) Plaintiff alleges that after this surgery, his right eye did not heal properly. (Id. at 9-12.) In July 28, 2014, plaintiff was taken to the San Joaquin County Hospital where Dr. Deanna informed plaintiff that he had an exposed suture in his right eye. (Id. at 12.)

      In the pending motion, plaintiff objects to defendant Tesluk's subpoena for all of plaintiff's medical records from the San Joaquin County Hospital. (ECF No. 58 at 11.) It does

1

not appear that the subpoena contains a time frame for these records.  Plaintiff argues that only his records regarding examinations by ophthalmologists are relevant to this action.

In the opposition to plaintiff's motion, defendant argues that prior to the at-issue surgery, plaintiff had an extensive history of glaucoma in both eyes which failed treatment with eye drops. (ECF No. 59 at 2.)  Defendant argues that plaintiff also had a history of several ailments including, among other things, cataracts in both eyes, diabetes, Hepatitis C and Graves' disease, which all may have contributed to plaintiff's overall ophthalmological condition.  (Id.)  Based on these circumstances, defendants argue that all of plaintiff's medical records from the San Joaquin County Hospital are discoverable.  (Id.)

In his reply to defendants' opposition, plaintiff requests an in camera hearing by the court in order to determine which of his records from the San Joaquin County Hospital should be made available to defendant.  Plaintiff does not discuss, in any detail, what portion of his records should not be made available to defendants following an in camera review.

Based on defendant's representation that plaintiff's other ailments may have contributed to his ophthalmological condition, the undersigned finds that plaintiff's medical records may contain relevant evidence.  See Fed.R. Civ. P. 26(b)(1).  Accordingly, these records are discoverable.  While the undersigned believes that all of the records should be produced, plaintiff is granted ten days to file briefing, if necessary, in support of his request for an in camera review. In the further briefing, plaintiff shall, at the very least, describe which of his medical records should not be made available to defendant.  If plaintiff does not file further briefing within 10 days then the records are ordered produced.  If plaintiff files further briefing, following receipt of this briefing the court will issue further orders.

Accordingly, IT IS HEREBY ORDERED that within ten days of the date of this order, plaintiff shall file further briefing in support of his request for an in camera review.

Dated:  January 18, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2

Mo2268.fb

kc