| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE, | No. 2: 16-cv-2268 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. TESLUK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to limit the scope of a subpoena issued by defendant Tesluk. (ECF No. 58.) For the reasons stated herein, plaintiff's motion is denied.

Defendant Tesluk is an ophthalmologist employed at 400 East Orangeburg Avenue, Modesto, California. (ECF No. 1 at 8.) Plaintiff alleges that on December 23, 2013, defendant Tesluk performed surgery on plaintiff's right eye to relieve pressure caused by glaucoma. (Id. at 9.) Plaintiff alleges that after this surgery, his right eye did not heal properly. (Id. at 9-12.) On July 28, 2014, plaintiff was taken to San Joaquin County Hospital where Dr. Deanna informed plaintiff that he had an exposed suture in his right eye. (Id. at 12.)

In the pending motion, plaintiff objects to defendant Tesluk's subpoena for all of plaintiff's medical records from the San Joaquin County Hospital. (ECF No. 58 at 11.) Plaintiff

1

argues that only his records regarding examinations by ophthalmologists are relevant to this action.

In the opposition to plaintiff's motion, defendant argues that prior to the at-issue surgery, plaintiff had an extensive history of glaucoma in both eyes which failed treatment with eye drops. (ECF No. 59 at 2.) Defendant argues that plaintiff also had a history of several ailments including, among other things, cataracts in both eyes, diabetes, Hepatitis C and Graves' disease, which all may have contributed to plaintiff's ophthalmological condition. (Id.) Based on these circumstances, defendants argue that all of plaintiff's medical records from the San Joaquin County Hospital are discoverable. (Id.)

In reply to defendants' opposition, plaintiff requested an in camera hearing by the court in order to determine which of his records from the San Joaquin County Hospital should be made available to defendant. Plaintiff did not discuss, in any detail, what portion of his records should not be made available to defendant following an in camera review.

On January 18, 2018, the undersigned issued an order finding that, based on defendant's representation that plaintiff's other ailments may have contributed to his ophthalmological condition, plaintiff's medical records may contain relevant information. See Fed. R. Civ. P. 26(b)(1). (ECF No. 66 at 2.) Accordingly, the undersigned found that these records were discoverable. (Id.) In an abundance of caution, the undersigned granted plaintiff ten days to file further briefing in support of his request for an in camera review. (Id.) The undersigned ordered plaintiff to describe which of his medical records should not be made available to defendant. (Id.)

On February 5, 2018, plaintiff filed his briefing in support of his request for an in camera review. (ECF No. 72.) Plaintiff first argues that counsel for defendant Tesluk already has his medical records from the San Joaquin County General Hospital. Plaintiff argues that the California Department of Corrections and Rehabilitation ("CDCR") has all of his relevant medical records from the San Joaquin County Hospital, which were made available to defendant Tesluk.

It is not clear, and unlikely, that CDCR has all of plaintiff's medical records from San Joaquin County Hospital. For this reason, plaintiff's objection that CDCR already provided

defendant Tesluk with all of his relevant medical records is without merit.

Plaintiff also argues that Hepatitis C and Graves' disease have nothing to do with the exposed suture that caused the injuries alleged in the complaint. At this time, the undersigned cannot determine the precise relevance of plaintiff's prior medical problems, including Hepatitis C and Graves' disease, to the injuries alleged. However, it is clear that plaintiff's medical records from San Joaquin County Hospital may contain relevant information. For this reason, defendant is entitled to those records.

Plaintiff has not shown that an in camera review of his records from the San Joaquin County Hospital is warranted prior to their release to defendant Tesluk.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to limit the scope of the subpoena issued by defendant Tesluk (ECF No. 58), and his related request for an in camera review of the records sought in the subpoena, are denied.

Dated: February 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mo2268.sub